UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.:

**Daynel Dominguez**, individually,

    Plaintiff,

vs.

**Costex Corporation**, a for-profit Florida corporation, d/b/a "Costex Tractor Parts",

    Defendant.

## COMPLAINT

Plaintiff, DAYNEL DOMINGUEZ, sues Defendant, COSTEX CORPORATION, a for-profit Florida corporation d/b/a "Costex Tractor Parts", and alleges:

## INTRODUCTION

1.    This is an action arising from unlawful employment practices of the Employer: Defendant Costex Corporation. This action is brought under the Florida Whistle Blower's Act, § 448.102, *et seq.*, Florida Statutes ("Florida Whistleblower Act"); under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, ("Title VII"); and the Florida Civil Rights Act of 1992, § 760.01, *et seq.,* Florida Statutes (1992) ("FCRA").

## PARTIES

2.    Plaintiff, DAYNEL DOMINGUEZ, at all times material to this action is an individual residing in Miami-Dade County, Florida, within the jurisdiction of this Court. He brings this lawsuit individually, and may hereinafter be referred to as "DOMINGUEZ", "Plaintiff", or "Employee".

3. Defendant COSTEX CORPORATION d/b/a "Costex Tractor Parts", (hereinafter "COSTEX", the "Employer", or the "Defendant") at all times material, was a Florida for-profit corporation operating in Miami, Florida as a purveyor of replacement parts for heavy equipment.

4. At all times material, COSTEX employed DOMINGUEZ as a Forklift Operator.

## JURISDICTION

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331 (federal question), 1337 (commerce), 1343 (civil rights), and 1367 (supplemental).

6. This action is authorized and instituted pursuant to §706(f) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e-5(f)(1) and (3), and §102 of Civil Rights Act of 1991, 42 U.S.C. §1981a, to enforce provisions of Title VII.

7. This action is also authorized and instituted pursuant to the Florida Civil Rights Act Florida Statute, Chapter 760.11.

8. This action is also authorized and instituted pursuant to the Florida Whistle Blower's Act, § 448.101, *et seq*., Florida Statutes, including, *inter alia*, § 448.103.

9. DOMINGUEZ is an "employee" within the meaning of the Florida Whistle Blower's Act, § 448.101(2), Florida Statutes; Title VII 42 U.S.C. § 2000e (f); and, the Florida Civil Rights Act Fla. Stat. § 760.02(7).

10. At all times material hereto, DOMINGUEZ was employed at a worksite at which COSTEX employed at least 15 or more employees for jurisdictional purposes.

11. COSTEX is an "employer" within the meaning of the Florida Whistle Blower's Act, § 448.101(3), Florida Statutes; Title VII 42 U.S.C. § 2000e (b); and, the Florida Civil Rights Act, Fla. Stat. § 760.02(7).

12. DOMINGUEZ has, to the extent required by law, complied with any applicable condition precedent to exercising rights provided under the Florida Whistle Blower's Act, or no such condition is applicable.

13. DOMINGUEZ has exhausted administrative remedies as required by Title VII and the FCRA. On April 11, 2022, DOMINGUEZ dual filed a Charges of Discrimination against COSTEX with the United States Equal Opportunity Commission ("EEOC") and the Florida Commission of Human Relations ("FCHR"). On June 10, 2022, the EEOC issued a Dismissal and Notice of Rights. DOMINGUEZ filed this lawsuit under Title VII and the FCRA within ninety (90) days of receipt of the EEOC's Dismissal and Notice of Rights.

14. Venue is proper in this Court in that the alleged unlawful conduct occurred in Miami-Dade County, Florida, within the jurisdiction of this Court.

**ATTORNEY'S FEES**

15. DOMINGUEZ has engaged the services of the undersigned attorneys and has agreed to pay a reasonable attorney's fees for their services.

**ENTITLEMENT TO ATTORNEY'S FEES**

16. DOMINGUEZ is entitled to an award of attorney's fees pursuant to Florida Statute § 448.104, Florida Statutes (1992); Florida Statute § 760.11(5); and, Title VII, 42 U.S.C. §§ 2000e-5f, as well as other related authority.

**FACTUAL ALLEGATIONS**

17. DOMINGUEZ was employed by COSTEX as a Forklift Operator in the Stocking Department of a facility owned and/or operated by COSTEX in Miami-Dade County, Florida.

18. DOMINGUEZ was so employed by COSTEX from approximately November 11, 2014 through April 1, 2022.

19.     The use and operation of forklifts (also known as "Powered Industrial Trucks") is regulated by the U.S. Department of Labor (the "DOL") and the Occupational Safety and Health Administration ("OSHA"), which sets standards and promulgates regulations pertaining to the same which employers are required to follow.

20.     As an employer of Forklift Operators – such as DOMINGUEZ – COSTEX is required to ensure that every Forklift Operator it employs is competent to operate a Powered Industrial Truck safely, and must demonstrate successful completion of training and evaluation specifications, including periodic refresher training applicable to such employees. 29 C.F.R. § 1910.178(l)(1)(i). To this end, the Employer must certify that each respective operator has been properly trained and evaluated, which certification must include the name of the operator, the date of the training, the date of the evaluation, and the identity of the person(s) performing the training or evaluation. 29 C.F.R. § 1910.178(l)(6). This certification is necessary across classes of fork lifts. Upon certification, each operator is issued a lanyard which details the class of Powered Industrial Truck which an operator is permitted to operate, and they must wear the certification lanyard while operating the equipment.

21.     The failure of the employer to comply with applicable regulations and certification requirements may result in monetary penalties and other administrative consequences.

22.     At all times material to this action, DOMINGUEZ is and has been fully competent, trained, and evaluated to operate forklifts.

23.     Notwithstanding DOMINGUEZ's full qualification, COSTEX required that he operate a forklift without COSTEX fulfilling of its obligation to certify DOMINGUEZ's qualifications. DOMINGUEZ was required to operate forklifts without proper certification, contrary to regulatory requirements.

4

24. In March of 2022, DOMINGUEZ objected to COSTEX about its failure to certify his updated training and evaluation as required by applicable regulations, and because his lanyard did not reflect his qualification to perform the work assigned. As such, DOMINGUEZ was being denied the terms and conditions of his employment on par with other similarly employed employees of COSTEX.

25. Shortly upon objecting to COSTEX about its failure to update and document his certification qualification, DOMINGUEZ was denied participation in, and expelled from a mandatory meeting of employees in his department.

26. Shortly after objecting to COSTEX about its failure to update and document his certification qualification, the day following the meeting from which he was expelled, DOMINGUEZ was involuntarily terminated from employment on April 1, 2022 without warning and without cause, and required to turn in his lanyard.

27. DOMINGUEZ was terminated from employment without just cause and in violation of the COSTEX's own policies.

## – COUNT I –
## RETALIATION UNDER THE
## FLORIDA WHISTLE BLOWER'S ACT § 448.102(3)

DOMINGUEZ realleges paragraphs 1-27 as though fully set forth herein.

28. COSTEX retaliated against DOMINGUEZ by terminating his employment because he objected to, or refused to participate or acquiesce in the active and passive activities, policies and practices of COSTEX which constitute violations of law, rules, or regulations, including *inter alia* those detailed in ¶¶19 through 23, above.

29. The Florida Whistle Blower's Act proscribes retaliation for objecting to unlawful practices of employers.

30. COSTEX knew or should have known of the retaliation but failed to redress it.

31. As a direct and proximate result of the retaliation alleged herein, all in violation of the Florida Whistle Blower's Act, DOMINGUEZ suffered loss of income, loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life, and emotional pain and suffering.

WHEREFORE, DOMINGUEZ demands the following relief:  Compensatory damages, lost income and benefits, including back pay and front pay, punitive damages, pre-judgment interest, reinstatement as an alternative to front pay, attorney's fees and costs, and all other relief allowed by law.

– COUNT II –
**DISCRIMINATION UNDER TITLE VII**

DOMINGUEZ realleges paragraphs 1 through 27, as though fully set forth herein.

32. DOMINGUEZ is a member of protected classes in that he is of Cuban national origin or heritage.

33. COSTEX is an employer within the meaning of 42 U.S.C. § 2000e, *et seq*.

34. DOMINGUEZ was not provided the same terms, conditions, and privileges of employment as other employees outside of his protected class, in that they were not required to operate forklifts in violation of the applicable regulations pertaining to operations of "Powered Industrial Trucks".

35. During a departmental meeting held March 31, 2022, and presided over by Melissa Uribe-Hill, DOMINGUEZ was publically humiliated and expelled from the meeting based upon Melissa Uribe-Hill's remark to DOMINGUEZ that "all you Cubans are the same" after DOMINGUEZ made an appropriate suggestion during the meeting.

36. The following day, on April 1, 2022, DOMINGUEZ was involuntarily terminated from employment without just cause and in violation of COSTEX's own progressive discipline policies which are afforded to employees outside of his protected class.

37. DOMINGUEZ was not provided the same terms, conditions, and privileges of employment as other employees outside of his protected class, in that they were permitted to participate in meetings without being retaliated against for making suggestions.

38. Plaintiff DOMINGUEZ was subjected to disparate treatment on the basis of his national origin.

39. COSTEX intentionally discriminated against DOMINGUEZ in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*, based upon his national origin.

40. COSTEX's acts of discrimination were performed with malice and reckless indifference to DOMINGUEZ's protected civil rights.

41. As a direct and proximate result of the disparate treatment discrimination and retaliation, DOMINGUEZ suffered economic and compensatory damages, loss of reputation, embarrassment, humiliation, and inconvenience.

WHEREFORE, DOMINGUEZ demands the following relief: Compensatory damages, economic damages, pre-judgment interest, injunctive relief, attorney's fees and costs, and all other relief allowed by law including punitive damages.

– COUNT III –
DISCRIMINATION IN VIOLATION OF
THE FLORIDA CIVIL RIGHTS ACT

DOMINGUEZ realleges paragraphs 1 through 27, as though fully set forth herein.

42. DOMINGUEZ is a member of protected classes in that he is of Cuban national origin or heritage.

43. COSTEX is an employer within the meaning of Fla. Stat. Ch. 760.

44. DOMINGUEZ was not provided the same terms, conditions, and privileges of employment as other employees outside of his protected class, in that they were not required to operate forklifts in violation of the applicable regulations pertaining to operations of "Powered Industrial Trucks".

45. During a departmental meeting held March 31, 2022, and presided over by Melissa Uribe-Hill, DOMINGUEZ was publically humiliated and expelled from the meeting based upon Melissa Uribe-Hill's remark to DOMINGUEZ that "all you Cubans are the same" after DOMINGUEZ made an appropriate suggestion during the meeting.

46. The following day, on April 1, 2022, DOMINGUEZ was involuntarily terminated from employment without just cause and in violation of COSTEX's own progressive discipline policies which are afforded to employees outside of his protected class.

47. DOMINGUEZ was not provided the same terms, conditions, and privileges of employment as other employees outside of his protected, in that they were permitted to participate in meetings without being retaliated against for making suggestions.

48. DOMINGUEZ was subjected to disparate treatment on the basis of his national origin.

49. COSTEX intentionally discriminated against DOMINGUEZ in violation of the Florida Civil Rights Act based upon his national origin.

50. COSTEX's acts of discrimination were performed with malice and reckless indifference to DOMINGUEZ's protected civil rights.

51. As a direct and proximate result of the disparate treatment discrimination and retaliation, DOMINGUEZ suffered economic and compensatory damages, loss of reputation, embarrassment, humiliation, and inconvenience.

WHEREFORE, DOMINGUEZ demands the following relief: Compensatory damages, economic damages, pre-judgment interest, injunctive relief, attorney's fees and costs, and all other relief allowed by law including punitive damages.

## JURY TRIAL DEMAND

Plaintiff DAYNEL DOMINGUEZ requests a jury trial on all questions of fact raised by his Complaint.

Dated:  July 6, 2022

Respectfully submitted,

**Anthony F. Sanchez, P.A.**
Attorneys for Plaintiff
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel.:  305-665-9211
Email: afs@laborlawfla.com

By:  /s/ Anthony F. Sanchez
     Anthony F. Sanchez
     Florida Bar No. 789925